# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **TAVIUS L. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:14-cv-00525** |
| ) | |
| **HSBC YAMAHA MUSIC,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's "Motion for Entry of Default Judgment Against Defendants HSBC Yamaha Music & Cach, LLC" (Document No. 6.), filed on December 3, 2013. Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Plaintiff's above Motion.

## PROCEDURAL BACKGROUND

On October 23, 2013, Plaintiff, acting *pro se*[1] and incarcerated at FCI McDowell, located in Welch, West Virginia, filed his Complaint in the Circuit Court of McDowell County, West Virginia. (Document No. 1, pp. 6 - 20.) Plaintiff names the following as Defendants: (1) HSBC Yamaha Music; (2) Cach, LLC; (3) The Progressive Corporation; and (4) NCO Financial System, Inc. (Id.) In his Complaint, Plaintiff alleges that Defendants committed fraud and violated of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (Id., pp. 7 - 9.) As relief, Plaintiff requests "the entry of Final Judgment against all

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Defendants jointly and severally in an amount not yet quantified, but to be proven at trial, and such other amounts to be proven at trial, and for costs and attorney's fees." (Id., pp. 8 - 9.)

On November 14, 2013, NCO Financial System filed its Motion to Dismiss and Memorandum in Support. (Document Nos. 3 and 4.) On November 26, 2013, Plaintiff filed his Response in Opposition. (Document No. 5.)

On December 3, 2013, Plaintiff filed his "Motion for Entry of Default Judgment Against Defendants HSBC Yamaha Music & Cach, LLC." (Document No. 6.) In support, Plaintiff states as follows: "Plaintiff filed his Complaint on October 23, 2013 (with the summons also going out that date) with (14) days for Defendants to answer said summons, in which Defendants HSBC Yamaha Music and Cach, LLC failed to respond to summons." (Id.) Plaintiff, therefore, contends that he is entitled to default judgment. (Id.)

On January 6, 2014, HSBC filed its Notice of Removal with this Court. (Document No. 1.) Subsequently, NCO Financial System and Progress Corporation filed their Consents to Removal. (Document Nos. 8 and 11.) On January 14, 2014, HSBC filed a Motion for Extension of Time to Respond to Plaintiff's Complaint, which the undersigned granted on January 15, 2014. (Document Nos. 10 and 12.) On February 5, 2014, HSBC filed its Motion to Dismiss and Memorandum in Support. (Document No. 16 and 17.) By Memorandum Opinion and Order entered February 6, 2014, the District Court granted the "Joint Stipulation for Partial Voluntary Dismissal with Prejudice" as to NCO Financial Systems. (Document No. 18.)

On February 14, 2014, HSBC filed its Response in Opposition to Plaintiff's Motion for Default Judgment. (Document No. 20.) First, HSBC argues that the Motion is moot because it sought and received an extension of time to respond to the Complaint. (Id., p. 3 - 4.) Second, HSBC

states that "Plaintiff has failed to follow the two-step process under Rule 55 for a default judgment." (Id., pp. 4 - 5.) Finally, HSBC argues that "[t]his Court may not enter default where the Summons was defective." (Id., pp. 5 - 6.)

On April 3, 2014, HSBC was dismissed based upon a "Stipulation of Dismissal With Prejudice." (Document No. 23.) By Order entered on May 19, 2014, the District Court dismissed Progressive based upon the parties' "Agreed Dismissal Order." (Document No. 25.)

**DISCUSSION**

**1.  Motion For Default Judgment:**

Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . .." Default judgment, however, cannot be entered against a defendant who has not been properly served. When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity with Rule 4. See Wolfe v. Green, 660 F.Supp.2d 738, 750 (S.D.W.Va. 2009). When it is evident that a party has failed to accomplish service of process pursuant to Rule 4, dismissal is in order. Federal Rule of Civil Procedure 4(h) states how a party must serve a Summons and Complaint upon an corporation, partnership or association within a judicial district of the United States as follows:

> **(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an

3

>individual; or
>
>(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - - if the agent is one authorized by statute and the statue so requires - - by also mailing a copy of each to the defendant; or
>
> * * *

Federal Rule of Civil Procedure 4(e) states how a party must serve a Summons and Complaint upon an individual within a judicial district of the United States as follows:

>**(e)** **Servicing an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual - - other than a minor, an incompetent person, or a person whose waiver has been filed - - may be served in a judicial district of the United States by:
>
>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

Rule 4(e)(1) provides that an individual may be served "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(d)(1) of the West Virginia Rules of Civil Procedure provide, in pertinent part, that personal or substituted service shall be made in the following manner:

>(5) *Domestic Private Corporations*. Upon a domestic private corporation, (A) by delivering or mailing in accordance with paragraph (1) above a copy of the summons and complaint to an officer, director, or trustee thereof; or if no such officer, director, or trustee be found, by delivering a copy thereof to any agent of the corporation . . .; or
>
>(B) by delivering or mailing in accordance with paragraph (1) above a copy thereof to any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf.
>
> * * *
>
>(7) *Foreign Corporations and Business Trusts Qualified to Do Business*. Upon a foreign corporation, including a business trust, which has qualified to do

        business in the State, by delivering or mailing in accordance with paragraph (1) above a copy of the summons and complaint as provided in Rule 4(d)(5).

(8)    *Foreign Corporations and Business Trusts Qualified to Do Business.* Upon a foreign corporation, including a business trust, which has not qualified to do business in the State,
(A) by delivering or mailing in accordance with paragraph (1) above a copy of the summons and complaint to any officer, director, trustee, or agent of such corporation; or

(B) by delivering or mailing in accordance with paragraph (1) above copies thereof to any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf.

First, the undersigned finds that Plaintiff's request for default against HSBC is moot based upon the "Stipulation of Dismissal With Prejudice" filed on April 3, 2014. (Document No. 23.) Next, the undersigned will consider whether Plaintiff is entitled to default judgment against Cach. A review of the record reveals that Plaintiff attempted to serve Cach by sending a copy of his Complaint by U.S. regular mail. (Document No. 1.) There is no evidence, however, that Plaintiff delivered or mailed the Summons and Complaint in compliance with Federal or State law. Specifically, there is no indication that the Summons and Complaint was received by an officer, director, trustee, or agent of the corporation, or any agent or attorney in fact authorized by appointment or by statute to receive or accept service on behalf of the corporation. Based on the foregoing, the undersigned cannot find that Cach was properly served. Accordingly, the undersigned recommends that Plaintiff's Motion for Default Judgment (Document No. 6.) be denied.

**2.    Failure to State a Claim:**

Notwithstanding the foregoing, the undersigned will consider whether Plaintiff has adequately stated a claim again Cach.[2] Although pleadings filed by a *pro se* plaintiff are entitled to

---

[2] The undersigned notes that Cach is the only remaining Defendant.

liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Drummond v. South Carolina Department of Corrections, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(citing Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990)). Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d)(1) provides that the allegations contained in the pleading "must be simple, concise and direct." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949(quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Thus, when a defendant challenges the sufficiency of a complaint under Rule 8(a)(2), the Court examines the factual allegations contained therein to determined if they reasonably indicate that discovery will yield evidence of all of the elements of the plaintiff's claim. If, viewing the factual allegations as true, the Court cannot conclude that discovery will yield evidence of all of the elements of the plaintiff's claim, the Court must dismiss the claim.

"To state a claim under the [Fair Debt Collection Practices Act] FDCPA, a plaintiff must

6

show: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA,[3] and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Patrick v. Teays Valley Trustees, LLC, 2012 WL 5993163 (N.D.W.Va. Nov. 30, 2012.) Congress enacted the FDCPA to "eliminate abuse debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Under Section 1692g of the FDCPA, debt collectors must inform consumers of (1) the amount of the debt; (2) the name of the creditor; (3) a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, the debt will be assumed to be valid; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of either document will be mailed to the consumer; and (5) a statement that, if the consumer requests in writing within the thirty-day period, the debt collector will provide the name and address of the original creditor, if different from the current creditor. See 15 U.S.C. § 1692g(a)(1)-(5).

Rule 9 imposes a heightened pleading standard concerning claims of fraud. Specifically, Rule 9 requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required to be pled with particularity are the "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). To state a claim for fraud under West Virginia law, a plaintiff must establish that: "(1) the act claimed to be fraudulent was the act of the defendant or induced by

---

[3] "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

7

him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied on it." See Coffman v. Bank of America, N.A., 2010 WL 3069905 (S.D.W.Va. Aug. 4, 2010)(citing Folio v. City of Clarksburg, 221 W. Va. 397, 655 S.E.2d 143 (2007)).

Construing Plaintiff's Complaint liberally, his allegations do not state the essential elements of a Truth in Lending, FDCPA or fraud claim. Specifically, Plaintiff fails to allege any facts explaining how Cach violated the Truth in Lending Act and FDCPA. Plaintiff further fails to allege Cach is a debt collector under the FDCPA. Plaintiff merely states that his Equifax Credit Report reveals that Cach attributes a debt of $6,673 to Plaintiff. (Document No. 1, p. 7.) Plaintiff claims that he is "without knowledge or information" as to the alleged debt and disputes its accuracy. (Id.) Plaintiff's conclusory claim that Cach violated the Truth in Lending Act and FDCPA is insufficient to state a claim. To the extent Plaintiff is attempting to state a fraud claim against Cach, Plaintiff fails to allege "the time, place, or contents of the false representations" or "the identity of the person making the misrepresentation and what he obtained thereby." Plaintiff merely argues that "he never signed a contract, conducted an interview, nor agreed to anything pertaining to Cach." (Document No. 1., p. 8.) Plaintiff, therefore, concludes that Cach must have committed fraud. As stated above, Plaintiff's conclusory allegations are insufficient. Accordingly, the undersigned recommends that Plaintiff's Complaint against Cach be dismissed for failure to state a claim.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's "Motion for Entry of Default Judgment Against Defendants HSBC Yamaha Music & Cach, LLC" (Document No. 6.), **DISMISS** Plaintiff's Complaint as to

8

Defendant Cach (Document No. 1, pp. 6 - 20.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 3, 2014.

R. Clarke VanDervort
United States Magistrate Judge